WILLIAM T. H. BROOKS *et al.*

*v.*

WARRICK MARTIN *et al.*

CERTIFICATE OF EVIDENCE—*how far conclusive.* In a chancery proceeding, upon appeal to this court from the decree of the court below, where, in the transcript of the record the court below appears to have certified the evidence, this court must look to the evidence so certified, and if it fails to sustain the decree, it can not be inferred that the court below heard other evidence, although the certificate fails to state that no other evidence was heard. If the record does not contain all the evidence heard in the cause, it is for the party complaining of such omission to supply it.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

Messrs. SLEEPER & WHITON, for the plaintiffs in error.

Mr. A. McCoy, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Winnebago circuit court, exhibited by William T. H. Brooks, plaintiff in error, against Warrick Martin and others, defendants in error, to foreclose two certain mortgages executed by DeLorma Brooks, one to Isaac N. Phelps and the other to John A. Blanchard, and both assigned by them to William. T. H. Brooks.

The defendant Martin answered the bill, and filed his cross-bill, in which, among other things, he insists that the mortgages have been fully paid and discharged by the maker thereof, DeLorma Brooks, or were paid off with money furnished for that purpose by him, and that the assignment of the same to William T. H. Brooks was fraudulent, and made and procured by DeLorma Brooks and William T. H. Brooks for the purpose of defrauding him, Martin, to the extent of the amounts due by them respectively, he, Martin, having,

since their execution, become the owner of the premises conveyed by them, by virtue of a sale made by the marshal of the United States for the northern district of Illinois, under a judgment obtained by him against DeLorma Brooks in the district court of the United States for the district of Wisconsin.

The circuit court decreed in favor of the cross-bill, to reverse which the complainant in the original bill brings the record here by writ of error.

Many errors are assigned, all which we do not deem it necessary to notice, confining our attention to one or two points.

It is insisted by defendant in error that the certificate of evidence does not profess to give all the evidence presented at the hearing, and therefore this court can not ascertain whether the findings of the court below were or not supported by the evidence.

We can not regard this objection of force sufficient to justify this court in affirming the decree of the court below for that reason. If the record does not contain all the evidence heard in the cause, it was for defendants in error to supply the omitted parts, if any was omitted. *Rowley* v. *Hughes,* 40 Ill. 71.

All this court can do is to look to the record before us. In it the court appears to have certified the evidence. We must, consequently, look to the evidence so certified, and if it fails to sustain the decree, we will not infer the court heard other evidence, although the certificate fails to state no other evidence was heard. The record is our only guide.

Does the evidence in the record sustain the point made by defendant in error, that the assignment of these mortgages to plaintiff in error was fraudulent?

On this point we have carefully examined the evidence, and will recite the most important portions of it.

George C. Cole, who was the attorney in fact of DeLorma Brooks says, in answer to interrogatory 14, "I think the

Blanchard notes belonged to Blanchard, Converse & Co., of Boston, Mass., afterwards to Converse & Co., then to Joseph H. Gray, trustee, who informed me that he had sold them to William T. H. Brooks, and sent them to DeLorma Brooks."

In answer to interrogatory 15, he says: "I took up note due January 1, 1862; after making remittances more than enough to take up note due January 1, 1863, I wrote DeLorma Brooks, December 26 1865, asking whether it was necessary that I should receive the notes as paid or some acknowledgment of General Brooks. In a letter from him, dated January 2, 1865, he said: ' The General is not here, and has not been since the receipt of your last, but you are in no need of his acknowledgment of the note. Your remittances through me never fail of appropriation to the trust within ten days at most from the day of the remittance by you.' "

In answer to interrogatory 20, he says: The reason I have made no further remittances is, that Lucius G. Fisher directed me not to, stating that the notes were fully paid."

To interrogatory 22, he answers: DeLorma Brooks, by letter dated June 24, 1864, directed and requested me to remit to him for payment on these notes, all the moneys in my hands belonging to the trust fund, and thereafter to remit as fast as moneys were received."

Lucius G. Fisher, in answer to the 8th and 9th interrogatories, says: "I had been advised by our agent, Mr. Cole, the notes were all paid. George C. Cole was the agent to sell lands and pay notes; he advised me that he had sold portions of the lands and had remitted to Blanchard and Brooks, from time to time, sufficient, with what Mills and Dunham had paid, as by them advised, to pay the notes."

In answer to 4th and 6th interrogatories put to A. L. Field, he says: "I think the mortgage has been fully paid to Mr. Phelps; he has paid to my wife only the interest as trustee. I have not, and, so far as I know, my wife has not, authorized Phelps to sell the mortgage or balance due thereon to anyone, nor have I been informed, nor has my wife, so far as I know,

392          BROOKS *et al. v.* MARTIN *et al.*          [Sept. T.,

Opinion of the Court.

by Phelps, that he had disposed of the mortgage; think I
have received a letter from Phelps stating an account of the
mortgage, and showing it settled, but I am unable to find it
now."

Roger H. Miller, in answer to the 8th interrogatory, says:
" I have understood, from George C. Cole, that he had paid
on said notes with moneys received on sales of said lands, and
with avails of sales of other lands sold. I understand our
share is paid, but there has never been any accounting by
which I can state positively."

In answer to interrogatory 6, Benjamin Dunham says : " I
have no positive knowledge that the notes have been paid;
DeLorma Brooks has informed me that, so far as we are con-
cerned, they were paid."

The above is, substantially, all the evidence tending to show
the mortgages in suit had been paid, and, collaterally, that the
assignment to plaintiff in error was fraudulent.

The theory of the cross-bill is, that these mortgages execu-
ted by DeLorma Brooks to the parties from whom he pur-
chased the land, were in fact paid by DeLorma Brooks, and
were assigned to the plaintiff in error to cover them from the
claims of DeLorma Brooks' creditors, of whom defendant, in
error was the principal one, and the assignment effected by
the contrivance and management of DeLorma Brooks to
carry out this design.

The testimony detailed above is all we can find in the rec-
ord tending to support this theory.

The fact that Phelps and Blanchard did assign their respect-
ive notes and mortgages, first to Blanchard, Converse & Co.,
and they to Converse & Co., and the last named to Joseph H.
Gray, is not denied. That Gray assigned them to plaintiff in
error is manifested by their production in evidence, having
been made exhibits in the cause. That any other persons were
concerned in the transaction is not shown by any competent
testimony. What Gray said or wrote to Cole in this regard
was not evidence, and was excluded by the court trying the

cause.    That it was a *bona fide* transaction, seems equally clear.

The fact that Cole obeyed instructions from DeLorma Brooks as to the appropriation of the moneys of plaintiff in error upon this mortgage, it was done, so far as the record discloses, at his own peril, and in the absence of instructions from his principal.    He had no right, so far as we can discover, to place this mortgage in the hands of the party who had executed it, and appropriate the moneys belonging to another to its payment, on the suggestion of the debtor.

The decree on the cross-bill finds that plaintiff in error paid no consideration for that assignment,    The possession of the papers makes a *prima facie* case for the complainant, to whom they were assigned, and they express a value received in dollars.    The party questioning this should rebut it by proof.

The decree further finds that these assignments were procured to be made by DeLorma Brooks; that they were delivered to him and held by him, and were made to plaintiff in error for the use and benefit of DeLorma Brooks; that Blanchard delivered the notes and mortgages to DeLorma Brooks by the procurement of Gray, and that Gray was acting in the matter at the request and for the benefit of DeLorma Brooks.

We fail to find in the record any evidence on which to rest these findings.    They are facts, if they exist, capable of proof, and the onus was upon defendants in error.    All the testimony going to show the existence of such facts is, for the most part, hearsay, and insufficient as ground of a decree.

The argument that plaintiff in error was an officer in the army, depending on his pay, and therefore could have no funds for such an investment, is specious but not sound.    He entered the army as a subaltern, but in the late unhappy conflict, came out of it a Brigadier General, and instances are not wanting where fortune has favored, pecuniarily, such.

It may be the money of DeLorma Brooks was used to effect all the purposes of this transaction.    We may so conjecture, but there is no proof of it.    It is sufficient for the plaintiff

in error to show *prima facie* that these mortgages were his by proper assignments. This he does by exhibiting them in court assigned in form and for a money consideration.

Gray, Blanchard, and other active parties in the transaction, could be called to testify as to the facts, and their testimony might destroy the *prima facie* case made by plaintiff in error. They have not been called as witnesses.

We are satisfied, on a careful examination of the testimony in this record, that there is nothing in it to prejudice the right of plaintiff in error to these notes and mortgages, and that the findings of the decree are not sustained by the proof in the cause.

Disposing of this point disposes of the case, and renders the examination of other errors assigned unnecessary.

For the reasons given, the decree is reversed and the cause remanded.

*Decree reversed.*