Lydia A. McKean *et al.*

*v.*

S. S. Vick.

*Filed at Mt. Vernon January 22, 1884.*

1. Administrator's sale—*limitation—laches.* It is the settled doctrine of this court that a delay, when not satisfactorily explained, for seven years after the grant of letters of administration, in presenting a petition by the administrator for an order to sell real estate to pay debts, is such *laches* as will bar any relief under it.

2. The fact that one of the lots sought to be sold had been assigned to the widow as a part of her dower, and had been and was continuously occupied by her as a homestead, and is still so occupied, is no satisfactory excuse for a delay of nearly thirteen years in making such application.

3. Same—*where there is already a decree for the sale.* A petition of an administrator for leave to sell real estate to pay debts, filed nearly thirteen years after grant of letters, alleged as an excuse for the delay that the real estate belonged to the decedent and two others, as partners, and that about three years after the grant of letters a decree was rendered in favor of the two surviving partners, against the widow and heirs of the deceased, finding that the firm was indebted beyond its personal property, choses in action, etc., and directing such partners to sell and convey such real estate, and apply the proceeds first to the payment of the balance due on the partnership debts, and the remainder, if any, to the administrator of the estate, and that three attempts were made to sell the property, all of which proved abortive. It was *held,* it not appearing that the partnership debts had yet been paid, there was no occasion for another decree to sell the land, since all the administrator could reach would be the amount remaining after satisfying the partnership indebtedness.

4. Decree—*finding of facts contrary to evidence preserved.* Where the evidence in a petition by an administrator for leave to sell real estate to pay debts, is preserved in the record by a bill of exceptions or certificate, and it does not sustain a recital in the decree of the facts found, the recital goes for naught.

5. Partnership—*duty of surviving partner in settling up.* It is the duty of surviving partners to settle up the business of the partnership without delay, and it is also the duty of the administrator of the estate of the deceased partner to see that they do so.

6. If a surviving partner fails to use proper diligence to settle and close the partnership matters, and does not settle within a reasonable time, he may be coerced thereto by the county court, or on application to a court of chancery he may be removed from his trust and a receiver appointed.

WRIT OF ERROR to the County Court of Williamson county; the Hon. JAMES M. WASHBURN, Judge, presiding.

Messrs. HARTWELL BROS., and Mr. A. D. DUFF, for the plaintiffs in error:

On application by an administrator to sell land, the heirs may contest the claims allowed, and show they are no charge on their real estate. *Stone et al.* v. *Wood*, 16 Ill. 177; *Stillman* v. *Young*, id. 318; *Hopkins* v. *McCowan*, 19 id. 113; *Heirs of Langworthy* v. *Baker*, 23 id. 484.

Real estate can be sold only to pay debts existing at the death of the intestate. *Donnan* v. *Yost*, 13 Ill. 127; *Fitzgerald* v. *Glancy*, 49 id. 465; *Farrar* v. *Dean*, 24 Mo. 16.

If the creditors do not enforce their lien against the real estate within seven years, it is lost. *McCoy* v. *Morrow*, 18 Ill. 519; *Heirs of Langworthy* v. *Baker*, 23 id. 484; *Wolf* v. *Ogden*, 66 Ill. 224; *Furlong* v. *Riley*, 103 id. 628.

The ground assigned for the delay in making the application furnishes no excuse at all. It was the duty of the administrator to have had the partnership matters adjusted, and the attempted excuse in this respect is but another way of stating his own gross negligence in the discharge of his duty.

An administrator of a deceased partner, under sections 86 to 89, inclusive, of chapter 3, of the Revised Statutes, had the power to go into the county court and compel the surviving partners to do their duty, or they might have been compelled to settle up by bill in chancery. *Miller* v. *Jones*, 39 Ill. 60; *Nelson* v. *Hayner et al.* 66 id. 487.

Messrs. CLEMENS & BURTON, for the defendant in error:

There are circumstances that not only authorize, but make it the duty of, an administrator to redeem lands from tax sale. *McCreedy* v. *Mier*, 64 Ill. 499.

Claims against an estate may be exhibited within two years from the grant of letters, and not be allowed until long after-

wards. *Wells* v. *Miller*, 45 Ill. 33; *Mason* v. *Tiffany*, id. 392; *Barbour* v. *Thurman*, 49 id. 283.

The allowance of claims is *prima facie* correct as to the heirs, and conclusive on the administrator. *Gold* v. *Bailey*, 44 Ill. 491; *Stone* v. *Wood*, 16 id. 177; *Motsinger* v. *Coleman*, id. 171; *Hopkins* v. *McCowan*, 19 id. 113; *Mason* v. *Blair*, 33 id. 194.

As to the defence that this application by the administrator. is, by analogy to the Statute of Limitations, barred by the. lapse of time, we insist (considering the circumstances of the unsettled partnership matters as to the principal portion of this land, and the widow's dower, etc., over the rest, the continued ownership by the heirs, there having been no transfers nor any improvements, etc.,) the rule, with its qualifications, announced in the cases of *Rosenthal* v. *Renick*, 44 Ill. 202, *Moore et al.* v. *Ellsworth et al.* 51 id. 310, and *Bursen* v. *Goodspeed*, 60 id. 277, furnishes no sufficient justification for the objection to this application by the administrator for the order.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a petition in the county court of Williamson county, by the administrator, against the widow and heirs at law of Evan T. Wiley, deceased, to sell real estate to pay debts.

Among other defences interposed by the answer was that of *laches*—that the petition was not filed until after the expiration of more than seven years from the grant of letters of administration. The county court disallowed the defence, and decreed a sale of the real estate in conformity with the prayer of the petition.

Although numerous errors are assigned upon the record, in the view we have taken of the case it will only be necessary to inquire whether the defence of *laches* was properly disallowed.

The letters of administration were granted on the 16th of May, 1870, and the petition was not filed in the county court until the 26th of January, 1883,—a period of almost thirteen years. It may be regarded the settled doctrine of this court, that where it is not satisfactorily explained, delay for seven years after the grant of letters of administration in presenting a petition of this character, is such *laches* as will bar any relief under it. (*Rosenthal, Admr.* v. *Renick et al.* 44 Ill. 202; *Moore et al.* v. *Ellsworth et al.* 51 id. 308; *Bishop et al.* v. *O'Conner et al.* 69 id. 431; *Furlong, Admx.* v. *Riley et al.* 103 id. 628.) The explanation of the delay here relied upon is, that, as to one town lot, it had been assigned to the widow as and for a part of her dower in the estate of the decedent, and had been and was continuously occupied by her as a homestead, and that the residue of the real estate belonged to the decedent, and Charles M. Edwards and Andrew J. Mann, as partners; that at the March term, 1873, of the Williamson county circuit court, a decree was rendered in behalf of said Edwards and Mann, as surviving partners, against the widow and heirs of the decedent, finding that the firm was indebted beyond its personal property, choses in action, etc., and empowering and directing the said Edwards and Mann, as such survivors, to sell and convey said real estate, and apply the proceeds to be received therefrom, first to the payment of the balance due on the partnership debts, and second, the remainder, if any, pay over to the administrator of the intestate; and that three attempts, each of which was unavailing, were made to sell under that decree. This explanation is not satisfactory. The condition of the town lot is precisely now what it has been all the time. If the fact of its being incumbered by the widow's dower and homestead was ever a reason why it should not be sold, that reason still exists. The interest of the heirs in the remainder has neither yielded them anything nor been augmented or rendered more available by transpiring circumstances, but

the debt, by the addition of accumulating interest, has been growing until it is almost doubled. The policy that has been pursued is the most destructive of the rights of the heirs that could have been pursued by the administrator and creditors.

As to. the partnership property, it is to be observed there is not a particle of proof in the bill of exceptions or certificate of evidence transcribed in this record that the partnership debts have yet been paid. The decree, it is true, finds to that effect, but we are confined to the evidence in the bill of exceptions or certificate when the evidence is so preserved as it is here, and when this does not sustain the recital in the decree, the recital goes for naught. (*Brooks et al.* v. *Martin et al.* 64 Ill. 389.) No reason therefore appears why it may not yet be necessary to sell under this decree, and no necessity can exist for also selling under another decree, since, by the very terms of this decree, all that the administrator can reach is to be paid over to him by the surviving partners after sale, and payment of the partnership debts.

Apart from this, however, no reason is shown why the partnership was not settled up many years since. No protracted litigation is shown, and no impediment of any character to a speedy and full settlement of the partnership matters was proved. Three different offers to sell the land within a period of ten years (and that is all that is proved) is simply no diligence. It was the duty of the surviving partners to proceed to settle the business of the partnership without delay, and it was the duty of the administrator to see that they did so. They could have been coerced thereto by action of the county court, (Rev. Stat. 1874, p. 120, secs. 89, 90,) or, upon application to a court of chancery, they could have been removed from their trust and a receiver have been appointed. (*Nelson* v. *Hayner et al.* 66 Ill. 487.) So far as this record discloses, this administrator has made no effort to close up this estate during this long period of time. He has stood idly by and suffered the surviving partners to

act, or not act, as they chose, and the creditors of the estate have acquiesced in this *laches* by taking no action themselves.

The court below erred in disallowing the defence of *laches* and decreeing the sale. The decree will, therefore, be reversed.

*Decree reversed.*