## Samuel Tarrant et al. v. M. M. Kelly, Adm'r de bonis non.

1. WIDOW'S AWARD—*When Lost by Laches.*—While there is no statute of limitations directly applicable, the courts of this State have, by analogy, adopted the period of seven years as the time within which proceedings for the enforcement of a claim by a widow for her award must be commenced after the grant of letters of administration, unless the delay is satisfactorily explained.

**Bill for Partition.**—Trial in the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge, presiding. Decree for complainants: error by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 17, 1899.

CHAS. H. KELLY and E. N. RINEHART, attorneys for plaintiffs in error; WRIGHT BROS., of counsel.

Before a widow becomes a creditor in regard to her award, so as to authorize the sale of land to pay it, she must elect to take at least a part of such award in money. Sec. 75, Chap. 3, Starr & Curtis; Cruce v. Cruce, 21 Ill. 46; Stunz v. Stunz, 131 Ill. 210; Rector v. Reavill, 3 Ill. App. 232.

She has a right to waive all or any part of her award. Moore v. Sweeney, 28 Ill. App. 547; Weaver v. Weaver, 109 Ill. 225.

The statute allowing it is for her benefit; her creditor could not assert it nor compel her to assert it for him. Moore v. Sweeney, 28 App. 551.

If she intends to enforce it she must take the proper steps within a reasonable time or she may be deemed to have waived it. Moore v. Sweeney, Id.; Furlong v. Riley, 103 Ill. 632.

R. C. HARRAH and S. F. GILMORE, attorneys for defendant in error.

An order of the court approving an award by appraisers to the widow of the decedent is a judgment against the estate in her favor for the amount so awarded. Mitchell v. Mayo, Adm'r, etc., 16 Ill. 83; Wheeler v. Dawson, 63 Ill. 57.

It is the same as the allowance of a claim by any creditor against the estate.   Marshall v. Rose, 86 Ill. 376.

When there is none of the enumerated property the widow is entitled to money in lieu thereof, without any affirmative action.  The order approving the award is in effect the allowance of a claim, or judgment for the amount; the claim is against the estate of her deceased husband.  If there is no estate she can not enforce its collection; if, after taking some personal property, nothing remains of the estate except land, the residue of her award is a subsisting claim against the estate, for the payment of which the land of the decedent may be sold.   Ross v. Smith, 47 Ill. App. 197; Deltzer et al. v. Scheuster, 37 Ill. 304; Rector v. Reavill, 3 Ill. App. 232; Gooding v. King, 30, Ill. App. 169.

*Laches* can not be imputed to a creditor seeking to enforce the collection of a claim allowed against a decedent's estate by the sale of lands after the lapse of seven years from the date of the issuance of letters of administration, where all the land was incumbered with homestead and dower, and where, if forced to sale thus incumbered, it would result in a sacrifice of the estate.   Judd v. Ross et al., 146 Ill. 49; Bursen v. Goodspeed, 60 Ill. 277.

**Statement of the Case.**—On the 17th day of August, 1886, Leonard Tarrant died seized of 112 acres of land, sought to be partitioned by the plaintiffs in error.   This land constituted the homestead of the said Leonard Tarrant at the time of his death, and continued to be so occupied by his widow, Sarah Tarrant, up to the time of her death, March 31, 1896.

By the last will of said Leonard Tarrant all his estate was devised to his widow, Sarah, to hold during her natural life, with remainder to his heirs.   She probated the will, and on the 20th day of September, 1886, took out letters.   Subsequently she filed inventory, appraisement bill and sale bill, and gave notice of the probating of claims against said estate.   The appraisers awarded the widow $472, which was approved by the County Court, and estimated the value of the personal property at $226.75.

The inventory filed by the widow and approved by the court showed that all of the real estate was embraced in the homestead. On March 31, 1896, the administratrix died, without having settled the estate.

About 1890 Sarah married J. M. Renfro, who survived her, and took out letters of administration on her estate. On April 23, 1896, M. M. Kelly was appointed administrator *de bonis non* of the estate of Leonard Tarrant. He filed his account as such administrator, showing a balance due on the widow's award to Sarah Tarrant, after exhausting the personal assets, of $230.27, and charging interest to the amount of $142.43. This was the only debt claimed against the estate.

Subsequently the defendant in error filed his petition in the County Court praying for an order to sell the land to pay the debts of Leonard Tarrant. The only debt claimed to be unpaid was a balance on the widow's allowance of $230.27. Subsequently the heirs of Leonard Tarrant filed their petition in the Circuit Court of Effingham County for petition of the land in question, making M. M. Kelly, administrator *de bonis non*, a party defendant. He answered, setting up the claim for the unpaid portion of the widow's allowance, and praying that it be declared a lien upon the land, or if the land was sold, that it be first paid out of the proceeds of sale.

It was stipulated that the decree of the Circuit Court reserving the right to appeal, should be conclusive as to the rights of the respective parties. The only question involved then is whether the allowances of the award is a subsisting lien upon the real estate sought to be partitioned.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

That the award was in the first instance a lien is not disputed. It is claimed, however, that the widow having failed to enforce this lien for nearly ten years, that it has been lost by her *laches*. While there is no statute of limitations directly applicable to this class of cases, still the

courts of this State have, by analogy, adopted the period of seven years as the time within which proceedings for the enforcement of the lien must be commenced, after the grant of letters of administration, unless the delay is satisfactorily explained.   In McKean v. Vick, 108 Ill. 373, it is said : " It may be regarded the settled doctrine of this court, that when it is not satisfactorily explained, delay for seven years after the grant of letters of administration in presenting a petition of this character, is such *laches* as will bar any relief under it."   Other cases to the same effect might be cited.

In the case at bar, there is not only no satisfactory reason given for the delay of nine years, but there is the testimony of two witnesses to the effect that the widow in her lifetime said that all she wanted was her living out of the place, and the taxes paid.   By the will of her husband she enjoyed all his property, personal and real, during her life. This seems to have been all that she desired and may explain her failure to seek the collection of her unpaid award.   We find no satisfactory reason for holding that the seven years rule should not be applied in this case.

The finding and judgment of the Circuit Court is therefore reversed and the case remanded for further proceedings not inconsistent with this decision.