MARGARET KIPPING *et al.*

*v.*

WILLIAM T. DEMINT *et al.*

*Opinion filed February 19, 1900.*

JUDGMENTS AND DECREES—*life of executor's order to sell real estate is not limited to seven years.* An order upon an executor to sell real estate to pay testator's debts is not a judgment at law nor a money decree but is a decree *in rem,* and the executor may sell under such order more than seven years after its entry.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. CARROLL C. BOGGS, Judge, presiding.

F. M. GAUEN, and KRAMER, CREIGHTON & SHAEFFER, for plaintiffs in error.

WINKELMANN & BAER, for defendant in error William T. Demint.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error brought their bill in the court below for the partition of sixty-five acres of land. The demurrer of defendants in error was sustained and the bill dismissed by the court.

Plaintiffs in error allege that they and certain of the defendants in error are entitled to the land as devisees under the last will of John Duffy, deceased. The bill shows that the executrix, upon her petition duly filed, obtained an order of the county court for the sale of said land to pay the debts of the testator, but did not make any sale under said order until more than seven years had elapsed after the order was entered, when she sold the land at public sale, as directed by the order, and, after her report of sale was approved by the court, conveyed it to defendant in error Demint, the purchaser at the sale. The contention of plaintiffs in error is, that after the lapse of seven years no sale could legally be

made under the order; that the sale and conveyance were
void, and that the title remained in the devisees. Refer-
ence is made to the statute relating to judgments, pro-
viding that a judgment of a court of record shall be a lien
on the debtor's real estate in the county for seven years
and no longer, and that no execution shall issue on any
judgment after the expiration of seven years from the
time it became a lien. Our attention is also called to
sections 44 and 45 of the statute regulating the practice
iu chancery, (Rev. Stat. p. 203,) section 44 providing that
a decree for money shall be a lien on the land of the party
against whom it is entered to the same extent and under
the same limitations as a judgment at law, and section 45
providing as follows: "All decrees given in causes in
equity, in this State shall be a lien on all real estate
respecting which such decrees shall be made; and when-
ever, by any decree, any party to a suit in equity shall
be required to perform any act other than the payment of
money, or to refrain from performing any act, the court
may, in such decree, order that the same shall be a lien
upon the real or personal estate, or both, of such party
until such decree shall be fully complied with; and such
lien shall have the same force and effect, and be subject
to the same limitations and restrictions, as judgments
at law." We are also referred to many cases in which
we have held that a delay of seven years after the grant
of letters of administration in presenting to the court
a petition to sell the lands of the decedent to pay his
debts is such *laches* as will bar all relief in such a pro-
ceeding unless such delay is satisfactorily explained;
that the rule is applied, by analogy, to the duration of
the lien of judgments and to the time in which, in certain
cases, ejectment may be brought, but that no inflexible
rule can be laid down applicable to all cases, each case
being judged upon its own merits. (*Rosenthal* v. *Renick*, 44
Ill. 202; *Moore* v. *Ellsworth*, 51 id. 308; *Judd* v. *Ross*, 146 id.
40; *McKean* v. *Vick*, 108 id. 373; *Furlong* v. *Riley*, 103 id. 628;

*Bishop* v. *O'Conner*, 69 id. 431; *Wolf* v. *Ogden*, 66 id. 224; *Bursen* v. *Goodspeed*, 60 id. 277.) So, also, it has been held, upon like grounds, that a delay of seven years after the death of the decedent will bar an application for letters of administration unless an earlier application is prevented by circumstances shown. *McCoy* v. *Morrow*, 18 Ill. 519; *Fitzgerald* v. *Glancy*, 49 id. 465.

But the case at bar differs from each and all of the cases referred to. Letters testamentary were granted in proper time and the petition to sell was filed within seven years after such letters were issued, but the delay of seven years was in making the sale after the order of sale was entered. If such an order were regarded as a judgment at law or a decree in chancery for the payment of money, then, by virtue of the statute, no sale could be made under it after the lapse of seven years. Section 101 of the act relating to the administration of estates, even as it then stood before the amendment of 1887, provided that the practice in such cases shall be the same as in chancery. (*Harding* v. *LeMoyne*, 114 Ill. 65.) The order or decree of sale cannot be regarded as a judgment at law or a decree in chancery for the payment of money, but it is a decree *in rem* directing the sale of the land. No execution is required or can be issued to carry the order or decree into effect, but the executor or administrator acts under the decree itself. There is no statute providing that an order or decree directing the sale of real estate shall be barred by the lapse of seven years. In *Kirby* v. *Runals*, 140 Ill. 289, we held that a decree of sale in a foreclosure suit was not barred by the lapse of seven years, but that the sale could be made after that period had elapsed; that the last clause of section 45 above quoted, applying the same limitations and restrictions to the liens therein mentioned, applied to the second clause of said section 45, and not to the first. That is to say, that whenever, by the decree, a party is required to perform or to refrain from performing an act,

and the decree is made a lien upon the property of such party, such lien will be subject to the same limitations and restrictions as judgments at law, leaving the lien of decrees mentioned in the first clause of said section unaffected by such limitations. It would seem that there is a much closer analogy between a decree for the sale of land to pay debts and a decree of sale in foreclosure than between the former and a judgment at law or a decree for the payment of money. What the reasons for the delay in making the sale were, is not disclosed by the bill, but the complainants were defendants to the petition for sale in the county court and filed no exceptions to the report of sale, so far as the record shows. But however this may be, we see no more reason for applying the limitations applicable to liens of judgments and decrees for money to a decree *in rem*, in a proceeding to sell to pay debts, than to any other decree *in rem* rendered in a chancery proceeding. In that matter the county court is not a court of inferior or limited jurisdiction. True, it is contended, with great plausibility, that the rule derived from analogous cases and liens at law which this court has applied to limit the time in which letters of administration may be taken out and petitions to sell lands to pay debts may be brought, should also be applied to the order or decree of sale; still, we think the reasons for the rule do not apply, as before said, to a decree of sale after its rendition, which is a decree *in rem*, but that it will remain in force as long as other decrees of the same character. So holding, there was no error in sustaining the demurrer and dismissing the bill.

*Decree affirmed.*

Mr. JUSTICE BOGGS took no part in the decision of this case.