# CHARLES B. PHILLIPS
## v.
# ELIPHALET W. BLATCHFORD.

*Intervening Petition by Judgment Creditor to Reach Fund in Court—Practice.*

1. One having an interest in a fund which is in court will be permitted to intervene and set up his interest, and, if equity so requires, his rights to the fund will be protected.

2. An intervening petition by a judgment creditor to reach a fund paid into court in an equity proceeding, for the benefit of the judgment debtor, is sustained by this court.

3. An objection that no process was issued or served on the judgment debtor on the filing of such petition, was waived when he appeared and pleaded to the petition.

[Opinion filed May 31, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD.S. TUTHILL, Judge, presiding.

This is an appeal from an order entered by the court upon an intervening petition filed by appellee in the suit of the South Park Commissioners against Charles B. Phillips et al. The suit was in the nature of an interpleader, for the purpose of settling and confirming title in the complainants of certain land described in the bill which it was claimed Phillips had contracted to convey to complainants, and in which Mrs. Phillips claimed certain interests. The decree found Phillips entitled to some forty-five acres of the land, and directed that the value of the same at the price of $800 per acre should be paid into court, and that thereupon the Park Commissioners' title to said land should be confirmed and established.

The land was in South Park and had been selected for Park purposes. The intervening petition of appellee set up a judgment obtained in 1884 against said Charles B. Phillips, for the sum of $6,517, by default; that said Phillips had been

Phillips v. Blatchford.

let in to plead to said judgment, but that the judgment was to stand as security for such sum as should on a trial be found to be due; that said judgment became a lien on the land of Phillips, sought to be taken and held by the South Park Commissioners in this suit; that Phillips had no other land or property subject to execution, and prays that from the moneys found due to said Phillips from complainants, the judgment of petitioners should be paid.

Subsequently an amended petition was filed, which recited the facts stated in the original petition and stated further that since the filing of the original petition there was a trial, and the judgment theretofore rendered was affirmed, the same to be satisfied and fully discharged upon payment of $3,250 with interest, etc., and that execution issue, etc. That execution was issued, and returned by the Sheriff, no part satisfied. Prays to be allowed to make proof, and that the court order the said judgment paid out of the money of said Phillips in court, etc. Phillips filed a demurrer, and afterward an answer to this amended petition, and there was a hearing by the court on which the allegations of the petition were found to be true, and the clerk of the court was ordered to pay from the moneys in court the amount of said judgment and interest thereon.

From said order the appeal is prosecuted and various errors are assigned.

Mr. W. T. Burgess, for appellant.

An "intervening petition" in our practice is what is called in England an examination of a party *pro interesse suo*. In Dan. Chy. Pr., 5th Ed., Vol. 2, p. 1058, it is said: "The proper course to be pursued by any person who claims title to an estate or other property sequestrated, whether by mortgage or judgment, lease or otherwise, or who has a title paramount to the sequestration, is to apply to the court to direct the plaintiff to exhibit interrogatories before one of the masters in order that the party applying may be examined as to his title to the estate." In note: The mode of proceeding is the same where the property is in the possession of a receiver.

Anon., 6 Ves. 287; Angel v. Smith, 9 Ves. 336; Brooks v. Greathead, 1 J. & W. 178.

An order for the examination of a party *pro interesse suo* may be obtained as a matter of course by the party claiming (Lord Pelham v. The Duchess of Newcastle, 3 Swanst. 290, N.), but it can not be granted till after the sequestrators have made a return, because till then it can not appear to the court what is sequestered. (Ibid.) "The application may be made either by motion or petition (Hunt v. Priest, 2 Dick. 540). If made by the former it should be supported by affidavit stating the facts under which the claim arises. If made by the latter the petition ought to state the circumstances."

In the case at bar it can not be contended for a moment that the facts stated gave the petitioner any lien on a fund not then paid into court.

From the cases it would seem that a party must have, 1st, a lien of some sort; 2d, there must be a fund or property under the control of the court to which the lien or right has attached, to protect which it is necessary for the petitioner to come before the court.

The mere recovery of a judgment and the issue of an execution and its return of *nulla bona* gave no lien to Blatchford on anything specified in his petition; no land is described.

Mr. David Fales, for appellee.

Moran, P. J. It is urged for the purpose of reversing the decree that the court had no jurisdiction, no process having ever been issued or served on Phillips. That objection is obviated by his having appeared and pleaded to the petition. It is also contended that the proper practice was not pursued by the court; that petitioner could not be allowed to intervene in such a case, but that he must seek his remedy by original bill. The allegations of the petition, which are fully supported by the proof, show a judgment which was a lien on the land which was taken by the Park Commissioners. By the decree, the land on which the lien existed was converted into money, and the fund was in the hands of the court.

There was no other property except this fund from which petitioner could obtain satisfaction of his judgment. A person who has an interest in the fund which is in court, or in the hands of a receiver, will be permitted to intervene and set up his interest, and, if equity requires it, his rights to the fund will be protected and his interest administered upon.

It is the ordinary function of a court of equity to settle claims of creditors and others to funds in its hands. Derrick v. Lamar Ins. Co., 74 Ill. 404.

The petition contained all the allegations which would be necessary in a creditor's bill. Appellee had his day in court upon the issue. The court would not permit a levy upon the land nor a garnishment of the fund, and to pay out the fund to the debtor without protecting the rights of the creditors would be unjust. None of the technical objections to the decree are well taken, and the proceedings of the court were fully authorized by the rules of modern practice. Marsh v. Green, 74 Ill. 385; Soles v. Sheppard, 99 Ill. 616.

There is no error, and the decree of the Circuit Court will therefore be affirmed.

*Decree affirmed.*