## ISAAC J. WISTAR

### v.

## WILLIAM A. HERTING ET AL.

27    443
76    608

*Real Property—Title—Bill to Remove Cloud—Decree—Absence of Evidence or Finding to Sustain—Sale—Contract—Payment—Offer to Return —Liens—Authority of Clerk to Pay Incumbrances.*

1. To sustain a decree upon appeal, the evidence must be preserved in the record, or facts found from the evidence sufficient to warrant the relief granted, must be recited in the decree.

2. Upon a bill to remove a cloud from the title to certain real estate caused by a contract of sale, it is *held :* That the decree should have required to be kept good an offer contained in the bill to return a payment on the purchase price to the vendee; and that it was improper to give the clerk of the court authority to decide what were the existing liens and incumbrances, and to pay the same, if the vendee should avail himself of the provision of the decree directing him to pay the balance of the purchase money to the clerk and take a conveyance of the premises to himself.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. OSBORNE BROTHERS & BURGETT, for appellant.

Mr. JOHN C. PATTERSON, for appellee.

GARNETT, P. J.    The bill filed in this case by William A. Herting against Julia A. Herting and the appellant, prays for the removal of a cloud upon certain premises, caused by a contract of sale made between William A. and Julia A. Herting as vendors and appellant as vendee.

The answer of Wistar presented material issues of fact, and replication thereto was filed.   A decree was entered, directing that Wistar, within thirty days, should fully perform the contract on his part and pay to the clerk of the court the purchase price of the property, and that thereupon the vendors should convey the premises to Wistar; that the clerk pay the incumbrances out of such fund, and hold the balance subject to the order of court; and that, in default of such payment by Wistar, the contract be set aside as a cloud on the title to the premises, and declared of no effect as against the vendors and their title.

The burden of proof was on the complainant.   He should have proved the case made by his bill.   The record wholly fails to show any evidence was heard.   To sustain a decree, the evidence must be presented in a certificate of evidence, depositions or master's report, or the facts found from the evidence, sufficient to warrant the relief granted, must be recited in the decree.   Citations of authority on this point would be superfluous labor.

The bill admitted the payment by Wistar of $2,500 by certified check, to be applied on the purchase price, and offered to return the same.   The decree should at least have required that offer to be kept good, but, for some reason not apparent to us, it is silent on that subject.

Another error alleged by appellant, is the authority given the clerk of the Superior Court to decide what were the existing liens and incumbrances, and then to pay them off. If Wistar wished to avail himself of that part of the decree directing payment of the money by, and conveyance of the

premises to him, he could not have done so with safety, nor would he have received what his contract called for. He was entitled to a good and merchantable title by the terms of the contract, and that he could exact at the time the purchase money was paid. He could not be compelled to accept the judgment of the clerk as to what was or what was not a lien, nor should he have been required to await his action in paying off the liens.

If this feature of the decree (substantially a decree for specific performance) would be warranted by the pleadings, and evidence had been introduced to support the bill, yet we are clearly of opinion that appellant could not be ordered to accept the legal services of the clerk in protecting his interests in this weighty transaction.

The decree of the Superior Court is reversed and remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*