THE ILLINOIS TRUST AND SAVINGS BANK, EXECUTOR,
AND HELEN P. BULL, EXECUTRIX,

v.

SAMUEL S. ROBBINS ET AL.

*Practice—Foreclosure—Funds  Remaining  in  Hands  of  Receiver— Right of Third Parties to File Intervening Petition.*

Where funds remain in the hands of the court, or of its agents, belonging to some one, and not due to the parties to the original proceeding, any one having an interest in such fund may file an intervening petition asking to have such fund paid over to him, and it is the duty of the court to entertain such petition and act upon the facts shown in distributing the fund.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. BREWER & STRAWN, and PRUSSING, HUTCHINS & GOODRICH, for appellants.

Mr. G. S. ELDREDGE, for appellees.

LACEY, J.   The appellee in this case, Robbins, filed a bill to foreclose a mortgage against one Corbens, which was followed by a decree of foreclosure and sale, which was reported by the master to the court, showing that the land described in the bill had been sold for the full amount of the decree and costs, June 6, 1887.   On June 13th, same month, a receiver was appointed by the court to take charge of the premises and collect the rents, which he did for the years 1887 and 1888.   Corbens, the mortgagor and respondent in the foreclosure proceedings, as the intervening petitions which the appellants filed herein alleges, had, prior to the foreclosure, turned over and assigned to Bull and Norris, of whom the appellants are the administrator and executrix, in their lifetime, the lease of one Toll, his tenant, of the same land, and said Toll had attorned to them, to secure a large sum of money due from Corbens to them; and the petition further alleges that these rents were taken and collected from said Toll by the receiver; that the mortgage debt was fully paid and satisfied; that the receiver had large sums of money in his hands arising from the rent that appellants claimed as the representation of the estate of the decedents, and that the receiver, Brewster, refused to account for or allow said Toll to pay over the balance due for rent, amounting to about $97.76, not collected by the receiver from Toll.

The petition then prays that the petitioners may be made party defendants in the case, and allowed to file their petition herein, and that the said Theron D. Brewster may be required to discover and report to the court, etc., all his acts and doings as receiver herein, and particularly the moneys collected by him for the use and rent of said premises for the years 1887 and 1888, and that upon the coming in of said report the said receiver be ordered to pay over to petitioners all the moneys collected by him for the rent of said years,

Bank v. Robbins.

and to desist from making any further collections on account of the premises for said years and for general relief. On the 10th February, 1890, the court ordered that the report called for by the petitioner be filed by the first day of the next term of court, and that the answer to said petition be filed at the same date. On March the 10th, 1890, the receiver, by his attorney, moved the court to strike from the files said petition above filed. On the 12th April, 1890, appellants moved the court to strike from the files the above motion of the receiver. On May 5, 1890, the petition of appellants and the cross-motion to strike petition from the files was heard and the court sustained the motion and struck the petition from the files and overruled the cross-motion. There is some confusion in the record of the order of court. It recites the motion to strike the petition from the files as being made by the complainant herein instead of the receiver, and the cross-motion by petitioners as being made to strike the motion of complainant from the files instead of the receiver's motion. The motion, however, by whomsoever made, was acted upon and the petition was dismissed. It is more than probable that this was a clerical error of the clerk, as the record does not show that the complainants ever made such a motion but that the receiver did, and that it was the receiver's motion that complainants moved by cross-motion to strike from the files. Whoever made the motion the appeal from the order dismissing and for costs was properly taken.

It is insisted that the petition was an application to be let in to answer and as the decree of foreclosure had already passed and the case was off the docket, it could not be allowed, and that it was properly dismissed for that reason. We do not regard the petition in that light. It is true it prayed to have petitioners made parties defendant, but it did not pray to have the decree opened up and they let in to answer. This much of the petition may be regarded as unnecessary and not allowable, but the other averments showed that is was simply an intervening petition asking for the distribution of a fund in the hands of the receiver on which they claimed a lien and as charged, no one else claimed.

Where money is in the hands of the court or it officers and agents, belonging to some one and not due the claimant or defendant, any one having any interest may file an intervening petition asking to have it paid over to him and the court will entertain such a petition. The petition is regarded as *ex parte* and is under the entire control of the court as well as the fund and the receiver. There is, strictly speaking, no defendant; any person claiming title to the fund may be heard or the receiver might show to the court all the facts so far as he knew them, upon which the court might act in distributing the fund. Phillips v. Blatchford, 26 Ill. App. 606; Derrick v. Lamar. Ins. Co., 74 Ill. 404; High on Receivers, Sec. 269.

The petition on its face showed that the appellants had an equitable claim to the fund. Of course upon a hearing the equities might have appeared differently. The money must go to some one and it is the duty of the court to order it paid to the rightful claimant, and it was improper to dismiss the petition without a hearing. The receiver was an officer of the court and under its order, and has no right to become a litigant or to make any motion without special permission of the court. It was his business to make a report as ordered by the court, and take the court's advice and follow its direction in all matters pertaining to his trust.

The court therefore erred is dismissing the appellant's petition. The decree of the court below is therefore reversed and the cause remanded.

*Reversed and remanded.*