## John V. Farwell Co. v. John Patterson.

76 601
82 225
76 601
84 255

76 601
f92 5158

76 601
95 6429

76 601
96 6 37

1. EXEMPTIONS—*When a Debtor is Estopped to Claim.*—A person made a statement for the purpose of obtaining credit in which he knowingly and falsely stated that he was the owner of household furniture to the value of $1,500. He afterward made an assignment for the benefit of his creditors, but failed to turn over to the assignee any of his household furniture. The assignee sold the entire assets for $659.35, out of which the debtor petitioned for the allowance of $400 as his exemptions under the statute. It was held that he was estopped by reason of his false statement from claiming his exemptions out of the proceeds of the assignment as against persons giving him credit upon his statement.

2. ESTOPPEL—*By False Representations.*—One who knowingly and for a fraudulent purpose makes a false representation to another, who does not know or have reason to know its falsity, for the purpose and intention of inducing him to act upon the representation in a manner he would not otherwise do, and thereby induces such other person to act upon it and part with property of value, is estopped from afterward

denying the truth of his representation, to the injury of him who relied and acted upon the supposed truthfulness of the representation.

3. VOLUNTARY ASSIGNMENTS—*Administration of, by the Courts.*— The administration, by the courts, of assignments by insolvents for the benefit of creditors, being proceedings to enforce trusts, has always been held to be a matter of equitable jurisdiction governed by chancery rules; and the mere fact that there is a statute regulating assignments for the benefit of creditors, has not changed the jurisdiction or practice.

4. APPEALS—*In Chancery.*—It is not necessary, in chancery proceedings, that the person who appeals should be actually a party to the record, provided he has an interest in the question which may be affected by the decree or order appealed from.

5. PRESUMPTIONS—*As to Evidence Not Appearing in the Record— Chancery Proceedings.*—There is no presumption in chancery that evidence, not appearing in the record, was heard in the court below in support of a decree in favor of a complainant. The presumptions that exist in favor of a judgment at law being sustained by evidence heard but not preserved in the record, do not exist in favor of decrees upon bills in chancery.

6. EQUITY PRACTICE—*Preservation of Evidence to Support the Decree.* —The party in whose favor the decree granting relief is rendered, to maintain it must preserve the evidence, or the decree must find specific facts that were proved on the hearing. It is not the duty of the party against whom the decree is rendered to preserve the evidence.

7. SAME—*Where the Record Fails to Show Evidence to Support the Decree.*—Where, in chancery, the allegations of the bill are not confessed, but denied, the practice requires the evidence to be preserved in the record, and if it fails to show grounds granting the relief ordered by the decree, it must be reversed on appeal or writ of error.

8. SAME—*Evidence to be Preserved by the Party in Whose Favor the Decree is Rendered.*—Where the certificate of evidence does not contain all the evidence heard in the cause, it is the duty of the party in whose favor the decree is rendered to preserve what other evidence there may be in some appropriate manner.

**Proceedings Under the Insolvent Act.**—Appeal from an order allowing exemption to the assignor. Made by the County Court of Cook County; the Hon. C. H. DONNELLY, Judge, presiding. Heard in the Branch Appellate Court, First District, at the March term, 1898. Reversed and remanded. Opinion filed May 31, 1898.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellant.

A person who knowingly makes a false representation to another, with the intention that the party to whom the representation is made will act upon it, and thereby induces

that party to act upon it and part with something of value, will be estopped from afterward denying the truth of the representation to the injury of the party relying and acting upon the truth of the representation. See Bigelow on Estoppel, page 484, and Hefner v. Vandolah, 57 Ill. 520.

In the case of Stevens v. Ludlum, 46 Minn. 160, it was held that representations respecting one's business by a debtor, estop him as against the person acting upon the truth of such representations, from denying their truth.

It has been held that a person who holds himself out as doing business as a partnership, composed of himself and son, is estopped from claiming that he was doing business as an individual, so as to entitle him, as against a creditor, to exemptions in property invested in business. Green v. Taylor, 32 S. W. 945.

Michael McMahon and Frank E. Newberry, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the court.

The appellee, being a retail merchant in Chicago, applied on June 1, 1896, to the appellant corporation, a wholesale merchant, to purchase from it goods on credit, and as a basis for the credit asked, made and delivered to appellant a written statement of his financial condition.

Such statement showed, in detail, assets aggregating the value of $7,600, including his household furniture valued at $1,500. His total debts were stated to amount to not exceeding $115, not due for merchandise. Upon the strength and faith of the representations so made, the appellee was given credit by the appellant to the amount of $245.05.

Six months after the written statement was made by appellee, and on November 30, 1896, he made and filed in the County Court his deed of assignment under the voluntary assignment act.

The assignee qualified, took possession and filed his

inventory, footing up $1,131.19 in value, but did not take possession of or inventory the household furniture. Under the order of the County Court the assignee continued the business of appellee for ten days, and then sold the balance of the stock in bulk—the gross sum received by the assignee for the whole of the assigned estate being $659.35.

The deed of assignment purported to convey to the assignee all of appellee's property and effects, "except such as may be exempt to him by the laws of the State of Illinois."

On January 20, 1897, the appellee filed his petition in the County Court, setting forth the making of the assignment; that the assignee took possession of and sold all of the goods, chattels and effects belonging to appellee; that appellee was head of a family, and resided with the same; that he had not received or been paid any part of his claim for exemptions under the law, and that he was entitled to receive out of the proceeds of such sale by the assignee the sum of $400, which he prayed might be allowed and paid to him out of the cash remaining in the assignee's hands. No schedule and no appraisement or selection, as provided by the exemption act, was ever had or made by the appellee, although he did, shortly after making his deed of assignment, file with the assignee an affidavit in the nature of a claim of exemption, which, however, was never acted upon, because, as appellee testified, there would have been nothing left but job lots, and he was advised the property would bring more if sold together.

The appellant answered the petition, setting up, in substance, the facts above stated as to the application for credit, and making of his financial statement by appellee, and the reliance thereon by appellant; that appellee did not turn over to the assignee all his personal property, but retained in his possession an amount thereof, including said household furniture, largely in excess of all exemptions to which appellee was entitled by law, and that now appellee claims he never owned said household furniture; that appellee never complied with the provisions of law requisite and

necessary in asserting a claim for exemptions, and that by reason of all such matters the appellee is not entitled to have, and is estopped from asserting, any right to claim exemptions from the money in the assignee's hands.

The County Court, however, after hearing evidence, allowed the petition of appellee, and ordered that the assignee pay to appellee, out of the funds in his hands, the sum of four hundred dollars as his exemptions; and it is from that order that this appeal is prosecuted.

The record, therefore, presents the case of an insolvent debtor now saying and proving that a statement made by him for the purpose of procuring credit granted to him upon the faith of such statement, was false, and known by him to be false at the time he made it, and seeking to recover, directly from his assignee but indirectly from the creditor whom he cheated, money, as and in place of his statutory exemptions, while retaining possession, as much as he ever had, of the very property which he falsely represented to be his own, far exceeding in value any exemption which the law would give him in any case. The bad morals of allowing such a claim in favor of one so dishonest, is manifest, and we think it is not less bad in law.

One who knowingly and for a fraudulent purpose makes a false representation to another, who does not know or have reason to know its falsity, for the purpose and intention of inducing the other to act upon the representation in a manner he would not otherwise do, and thereby does induce such other person to act upon it and part with property of value, is estopped from afterward denying the truth of his representation to the injury of him who relied and acted upon the supposed truthfulness of the representation. Bigelow on Estoppel (5th Ed.), Chap. 18; Hefner v. Vandolah, 57 Ill. 520; Hill v. Blackwelder, 113 Ill. 283; Robbins v. Moore, 129 Ill. 30. The evidence conclusively shows that the written statement was made by appellee for the purpose of procuring goods and credit from appellant; that appellant believed the representation to be true, and acted upon it, as it would not have otherwise done, by giving goods and credit to appellee, and that appellee knew

and appellant did not know, or have reason to know the representation made by him was false at the time he made it. No element is lacking to require application of the rule of estoppel against the appellee, and a plainer duty to enforce it is seldom met with. It is also shown by the testimony of appellee that the household furniture falsely represented by him to be his own was then and is now the property of his wife, and was at the time of the trial worth one thousand dollars, or two and a half times the value of his claimed exemptions.

It was expressly testified by the credit man of appellant that he relied particularly upon the item of $1,500 for household furniture in the statement, to cover appellee's exemptions in the case of his failure, and as already said, the statement in such regard was admittedly false.

If that statement had been true, appellee would have turned over to his assignee at least $1,000 worth of property that never came to the assignee's hands, which of itself makes a case of injury to appellant because of the false statement; and such injury is added to by appellee now having allowed to him $400 in money out of the proceeds of his stock in trade, consisting, quite probably, in part of the very goods fraudulently obtained by appellee from the appellant.

Appellee has filed two motions, which remain to be considered—one to dismiss this appeal and the other to strike the original bill of exceptions or certificate of evidence from the files.

Several grounds for the dismissal of the appeal are stated, but the only one urged goes to a denial of the right of appellant to have an appeal, and it is said that the assignee is the only one who could have appealed; that he was the only party against whom a final judgment was rendered.

The administration by the courts of assignments by insolvents for the benefit of creditors, being proceedings to enforce trusts—a subject peculiarly within the province of a court of equity—has always been held to be a matter of equitable jurisdiction governed by chancery rules; and the mere fact that we have a statute relating to and regulating

voluntary assignments for the benefit of creditors, has not changed the jurisdiction or practice concerning them. In other words, such proceedings in the County Courts are not statutory, but are chancery proceedings modified and regulated by statute. Union Trust Company v. Trumbull, 137 Ill. 146; Howell v. Moores, 127 Ill. 67; Farwell v. Cohen, 138 Ill. 216.

The right of appellant to maintain his appeal must therefore be determined by the application of chancery rules.

Appellant obtained an allowance of its claim by the County Court against the estate, and appeared and answered the petition of appellee and contested it, and it is plain that appellant had an interest in the fund in the hands of the assignee. We can see no good reason why it should not maintain its appeal from an order which so manifestly affected its interest.

" It is not necessary, in chancery, that the person who appeals should be actually a party to the record, provided he has an interest in the question which may be affected by the decree or order appealed from; and even creditors coming in before the master under a decree have been held entitled to appeal, although not parties to the bill, because the decree affected their interests; and a creditor coming in before a master and having a claim disallowed on exceptions to the report, may appeal from the order disallowing the exceptions." Derrick v. Lamar Ins. Co., 74 Ill. 404; see also Phillips v. Blatchford, 26 Ill. App. 606; Ill. T. & S. Bk. v. Robbins, 38 Ill. App. 575.

The second motion is to strike the original certificate of evidence from the record, because, for the reason, as is said, it does not appear that appellee or anybody for him, stipulated that the original might be used upon appeal in lieu of a copy.

An inspection of the signatures to the original stipulation accompanying the transcript satisfies us that the motion is entitled to be considered as frivolous. It is signed " James R. Ward, attorney for assignee & John Patterson." The " & " is quite as distinct as any other part of the signature, and is incapable of being read " of," as contended.

The further reason urged by appellee for striking out the certificate of evidence, is that it nowhere appears in the record that the certificate of evidence contains all the evidence heard by the trial court.

The resultant force of allowing the motion for such a reason would be a recoil upon appellee, which he does not appear to apprehend. There is no presumption in chancery that evidence, not appearing in the record, was heard in the court below in support of a decree in favor of a complainant. The presumptions that exist in favor of a judgment at law being sustained by evidence heard but not preserved in the record, do not exist in favor of decrees upon bills in chancery. " The rule has been often stated by this court that facts by which a decree in equity is based must appear somewhere in the record." Forth v. Town of Xenia, 54 Ill. 210.

The decree, or order, appealed from, recites that the cause came on to be heard upon the petition of appellee, and upon the amended answer of appellant, and that evidence was heard, but there is no finding of any fact, not even a general finding that all the material facts charged in the petition are true. Where a decree in chancery makes no finding, by recital or otherwise, of facts sufficient to warrant the relief granted, and the evidence upon which the decree is predicated is not otherwise preserved, either in a master's report or depositions, or exhibits, or in some other way, already in the record, the party seeking to sustain the decree in his favor must preserve the evidence in a certificate under the hand and seal of the judge who heard the cause. It is a *sine qua non* that the facts appear somewhere in the record, and we may not presume that any evidence was given in the court below except what the decree recites, or is otherwise made to appear. Moss v. McCall, 75 Ill. 190; Jackson v. Sackett, 146 Ill. 646; Glos v. Beckman, 168 Ill. 75; Bonnell v. Lewis, 3 Ill. App. 283; Drennan v. Huskey, 31 Ill. App. 208; Becker v. Becker, 15 Ill. App. 247; Wistar v. Herting, 27 Ill. App. 443.

" The party in whose favor the decree granting relief is

rendered, to maintain it, must preserve the evidence, or the decree must find specific facts that were proved on the hearing. It is not the duty of the party against whom the decree granting relief is rendered to preserve the evidence, as appellee's counsel seem to suppose." Marvin v. Collins, 98 Ill. 510.

Where, in chancery, the allegations of the bill are not confessed, but are denied, " the practice requires the evidence to be preserved in the record, and if it fails to show grounds granting the relief ordered by the decree, it must be reversed on appeal or writ of error." James v. Bushnell, 28 Ill. 158.

An order dismissing a petition in a chancery cause will be sustained upon appeal where there is an absence, either in whole or in part, of the evidence from the record, " since that is the proper decree in case there is no evidence, or if the evidence is insufficient to authorize the relief asked for." First Nat. Bk. v. Baker, 161 Ill. 281; Jackson v. Sackett, 146 Ill. 646.

If it be true, as a matter of fact, that the certificate of evidence embodied in this record does not contain all the evidence heard in the cause, it was the duty of appellee, as the party in whose favor the decree was, to preserve whatever other evidence there was, in some appropriate manner, if he would sustain his decree, and failing to do so, he may not complain of his own omission, as a reason for upholding the relief granted to him.

As was held in Brooks v. Martin, 64 Ill. 389, we will, under such circumstances, look, as we have done, to the evidence that is certified to us, and will not infer the court heard other evidence, although the certificate of the judge fails to state no other evidence was heard, and so examining the evidence, reverse the order upon the merits, upon the ground of estoppel by conduct of appellee, rather than because of the failure of appellee to have it made to appear that the certificate contains all the evidence, although the latter ground would be sufficient.

The order of the County Court is reversed and the cause remanded.