## Elizabeth Dorn v. A. Montgomery Ward and George R. Thorne.

1.  DECREES—*Must be Sustained by the Evidence in the Record.*—In order to sustain a decree in .chancery, where the allegations of the bill are denied, the evidence must appear somewhere in the record.   The court can not presume that any evidence was given in the trial court except what the decree recites, or is otherwise made to appear in the record.

2.  SAME—*A Finding Insufficient to Supply Lacking Evidence.*—A finding by the decree that "all the material allegations in said bill of complaint are proved," is not sufficient to supply the absence of the trust deed from the record in a proceeding to foreclose such deed.

**Foreclosure.**—Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.   Hearing and decree for complainant; appeal by defendant.   Heard in the Branch Appellate Court at the March term, 1899.   Reversed and remanded.   Opinion filed April 11, 1899.

CHARLES PICKLER, attorney for appellant.

GEORGE B. SHATTUCK, attorney for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The main question is, may an Appellate Court sustain a decree foreclosing a trust deed, in the nature of a mortgage,

without the trust deed, or a properly identified and proved copy of it, appearing in the record, in a case where, as here, all the allegations of the bill, and the execution and delivery of the trust deed sought to be foreclosed, are specifically denied by the answer, and the decree makes no specific findings in relation to the trust deed, but, in that respect, merely finds that "all the material allegations in said bill of complaint are proved."

The only answer the appellee makes to the point, is that the trust deed is shown upon a specified page of the record.

It is not there, but on the contrary, it is made there to affirmatively appear it never was there; nor is it elsewhere in the record. In the master's report of the evidence taken before him, it is stated that, at a particular stage of the hearing, the complainant's solicitor introduced in evidence a trust deed, partly describing it, as by whom executed, when dated, the consideration, to whom made, the description of premises, the promissory notes to secure which the trust deed was given, and the statement that they were given for part of the purchase money for the mortgaged premises, the date of filing the trust deed for record and the place of recording the same, and that he asked that the trust deed so introduced in evidence might be marked as an exhibit. Nothing else of the trust deed is shown.

Looking for the exhibit in its appropriate place, we find it is there referred to as "a trust deed securing the foregoing notes, a copy of the same being attached to the bill of complaint filed in the above entitled cause," but nothing more.

No copy is attached to the bill, and except for such mistaken statement by the master, it in no manner appears to have ever been so attached. And, as already said, neither the trust deed nor anything purporting to be a copy of it, is elsewhere in the record.

The notes described in the bill and in the master's report, appear on their face to be not yet due by their terms, but still the master makes a finding, that because of a proved default in the payment of certain interest on the notes, the

holders of the notes (the complainants), have in pursuance of the power conferred upon them by the trust deed, declared the entire amount secured by the notes and trust deed due and payable.

The trust deed not being in the record, and nothing appearing to supply the want of it, the master's finding in the respect mentioned was without support.

We have recited all that the proof shows of anything material concerning the trust deed.

The findings of the master follow the allegations of the bill, but as far as the record before us shows, the proof does not sustain either the allegations or the findings. See Wheeler v. Foster (No. 7781, this term).

The decree might, perhaps, have saved the case, but there is no sufficient finding there. A finding by the decree that "all the material allegations in said bill of complaint are proved," is all that the decree contains in any way material to the question, and that manifestly, it is not sufficient to supply the place of the lacking evidence. Had the decree found the material specific facts evidenced by the trust deed, the absence of the trust deed from the record would have been harmless.

It is absolutely essential in order to sustain a decree in chancery, where the allegations of the bill are denied, that the facts appear somewhere in the record, and we can not presume any evidence was given in the court below except that the decree recites, or is otherwise made to appear. Farwell v. Patterson, 76 Ill. App. 601.

In the case just cited, there may also be found a reiteration of the well understood rule, in chancery, that the party who would sustain a decree must preserve, in some appropriate manner, the evidence upon which it is based. There is no presumption, in chancery, that evidence not appearing in the record was heard in support of a decree in favor of a complaint.

The essential foundation for this foreclosure suit is the trust deed. At the hearing before the master, the appellant, by her counsel, objected particularly and with techni-

cal accuracy to the introduction of the trust deed and to the proof of its execution, and without the evidence before us upon which the master's finding was based, we are at entire loss to see how we can hold the decree to be sustained and justified by the evidence.

What we have said about the absence of the trust deed from the record, applies with much force to purported evidence of the condemnation proceeding relied upon by appellees with reference to certain of the premises alleged to be covered by said trust deed. But the decree having to be reversed and the cause remanded for the reasons stated, it may be presumed that if the record comes before us again, it will be presented in a form that will permit us to review the merits of the case. Reversed and remanded.