## MORRIS B. DERRICK

### *v.*

## THE LAMAR INSURANCE COMPANY.

1. APPEAL — *when may be prosecuted by one not named a party to the suit.* Where, on a creditor's bill, the cause is referred to the master in chancery to take proofs of all claims against the estate of the defendant which may be presented to the receiver, and a claim is sought to be proved before the master by a creditor who is not a party to the bill, and the master reports to the court that he has disallowed the claim, and upon exceptions taken to the report the court overrules the exceptions and sustains the

report, an appeal on behalf of such claimant will lie to the Supreme Court.

2. ASSIGNMENT — *of insurance policy, may be vacated if obtained by mis-representation.* Where a policyholder who had sustained a loss of property insured, was induced, by false representations of the officers of the company issuing the policy as to the ability of the company to pay its debts, to assign his policy for less than was due on it, to one who was acting for the company in settling its losses, in concurrence with the officers making the false representation, it was held that the assignment should be annulled and the policyholder entitled to recover on his policy in a court of equity.

3. LIMITATION — *clause of as to suit, in insurance policy, waived by fraud on part of company.* A clause in an insurance policy limiting the right of action on the policy to a specified period of time is waived if the company, by fraud, or by holding out reasonable hopes of an adjustment, prevent the assured from bringing suit within the time limited.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Mr. F. C. INGALLS, for the appellant.

Messrs. SHUFELDT, BALL & WESTOVER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Edwin Burnham and Edward R. Burnham having before recovered a judgment against the Lamar Insurance Company, on the 23d day of October, 1872, filed their creditor's bill against the company and others, in the Superior Court of Cook county, to obtain satisfaction of the judgment.

Such proceedings were had upon the bill, that on the 23d of November, 1872, a receiver of the insurance company was appointed by the court below, vested with all the rights and property of the company, with power to prosecute and defend all suits, collect all moneys due the corporation, and enforce all liabilities of its stockholders. On the 18th day of January, 1873, the court decreed that the receiver, out of the proceeds of collections made by him, pay the costs and expenses, and then pay to the complainants, and to all other creditors of the Lamar Insurance Company who should come in and file their

claims under that decree, *pro rata*, or share and share alike, until all the demands against said company should be paid in full.    Upon the report of the receiver, showing that there were divers claims against the company, and that he had no means of determining their amounts and validity, it was ordered by the court, May 1, 1873, that it be referred to the master to take proofs " of all claims against the Lamar Insurance Company which may have been or may hereafter be presented to the receiver," and ascertain the amounts thereof, and whether the same are just and valid claims.    Afterward, on October 31, 1873, the court ordered that all persons having claims against the Lamar Insurance Company or its property present and prove the same before the master within ninety days from the entry of the order, or be forever barred from sharing in the estate or assets of said company, and that the receiver publish notice of the limitation.    The notice was duly published, and on December 3, 1873, the appellant, Morris B. Derrick, in pursuance of the order of the court, and within the time therein limited, presented to, and made proof of, before the master, a claim against the company for a loss by the fire of 1871, at Chicago, of $4,865 on property upon which he held a policy of insurance in the Lamar Insurance Company for $3,500.

On the 11th day of June, 1874, the master made report to the court of the proofs and his finding thereon, and that from the proofs he found against the claim of appellant, for the reason that previous to his filing his claim before the master, he had assigned his rights, under the policy of insurance and proof of loss, to John H. Wise.    Exceptions were taken to the master's report, on hearing of which June 11, 1874, the court overruled the same, and adjudged that appellant's claim be rejected and disallowed, wherefrom this appeal was taken.

It is objected that the appellant cannot maintain the appeal, because he is not a party to the suit or to the record.    The bill was not filed for the benefit of others as well as the complainants, and it is true that appellant was not a party to the

suit, nor had he filed a petition to be made a party and to share in the benefits of the decree; yet, appellant was a party in interest, had rights to be adjudicated in the court below, and he was properly there before the master, in pursuance of an order of the court.

It is laid down in Barbour's Chancery Practice, vol. 1, p. 382, that it is not necessary that the person who appeals should be actually a party to the record, provided he has an interest in the question which may be affected by the decree or order appealed from; and that even creditors coming in before the master under a decree have been held entitled to appeal, although not parties to the bill, because the decree affected their interests, and that a creditor coming in before a master, and having a claim disallowed on exceptions to the report, may appeal from the order disallowing the exceptions. In *Strike* v. *McDonald*, 2 Harr. & Gill, 191, there were two modes recognized as being according to established practice in that State, whereby other creditors could be permitted to come in and participate in cases of this sort, namely, either by petition, or by filing the vouchers of their claims. We accede to this, as a proper rule of practice.

We are of opinion the appeal in this case lies.

It appeared from the proofs that the risks of the Lamar Insurance Company had been reinsured by the People's Insurance Company of San Francisco, which latter company was made a party to the bill. The assignment of the policy from appellant to John H. Wise, which was stated by the master as the reason for rejecting appellant's claim, was under the following circumstances. Wise was the vice-president of the People's Company, and acting on its behalf, in settling losses under policies which had been given by the Lamar Company and reinsured by the People's Company. The sum received by appellant for the assignment was $712.50, and he was induced to make such compromise in consequence of the misrepresentations, as he testified, of the principal officer of the Lamar Company, of its resources and ability to pay its losses. The com-

promise and settlement were effected by the concurrent action of the principal officers of the companies. The testimony on that subject is that of appellant alone, and that quite clearly makes out such a case of misrepresentation as should vacate the compromise and annul the assignment, Wise appearing not to be a *bona fide* assignee, but to have been acting on behalf of the People's Company, so that the assignment should be regarded as no more than an attempted form of extinguishment of the policy. Here, as Wise had an apparent interest as assignee, the more proper course would have been for appellant to have proceeded by petition, making Wise a party, so that he might have had an opportunity to assert whatever rights he might claim, and that they might be bound by the decree.

But as, according to the proofs made, appellant had a just claim for relief, and the apparent interest of Wise was but nominal and formal, if the latter was deemed a necessary party, he should have been brought into court, instead of dismissing appellant's claim.

It is objected that appellant's claim is barred by the limitation clause in the policy limiting the right of action to one year. In *Peoria Marine and Fire Insurance Co.* v. *Whitehill*, 25 Ill. 466, and *Fire and Marine Insurance Co.* v. *Chesnut et al.* 50 id. 112, it was held that such a provision in a policy would be waived if the company, by fraud, or by holding out reasonable hopes of an adjustment, deterred the assured from bringing suit within the time limited. This supposed fair compromise of the claim with the company, within the year, and the non-discovery of its alleged unfairness until eighteen months afterward, sufficiently accounts for not bringing the suit within the year, and the company, by its own conduct, waived the provision, within the principle of the above decisions.

We are of opinion there was error in the order and decree of the court below, in overruling the exceptions to the master's report, and disallowing the claim of the appellant, and such

order and decree are reversed, and the cause remanded for further proceedings, with leave to appellant to file his petition to come in and prove his claim, making John H. Wise a party.

*Decree reversed.*