NATHANIEL J. SCOTT *et al.*

*v.*

THE GREAT WESTERN COAL AND COKE COMPANY *et al.*

*Opinion filed October 23, 1906.*

1. PARTIES—*filing claim with receiver does not make claimant a party to the receivership proceeding.* A creditor, by filing a claim with a receiver without obtaining leave of court to file an intervening petition or cross-bill for the purpose of bringing such claim to the attention of the court, does not thereby become a party to the receivership proceeding.

2. APPEALS AND ERRORS—*rule where plaintiff in writ of error was not a party to record below.* Where a writ of error is sued out by a person who was not a party to the record below his right to the writ must affirmatively appear from his assignment of error.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

A. F. TEEFY, and E. A. BIGGS, for plaintiffs in error.

ALEX. W. HOPE, for defendants in error.

Mr. Justice Vickers delivered the opinion of the court:

For the reason that the plaintiffs in error were not parties to the record in a proceeding in the circuit court of Cook county, a writ of error sued out of the Appellate Court by them to said circuit court was dismissed. This is a writ of error sued out of this court to bring such order of the Appellate Court into review.

One Adolph Enders filed a bill in chancery in the circuit court of Cook county against the Great Western Coal and Coke Company, a corporation, alleging that he was a judgment creditor of said corporation, and praying that the business of said corporation be dissolved and its business closed up, and that a receiver be appointed to do all things necessary to close up the affairs of said corporation. Other creditors of the said corporation were not made parties to the proceedings. A receiver was appointed as prayed in the bill. Afterwards the bill was amended so as to read, "Adolph Enders, for the use of Hamilton Moses *vs.* The Great Western Coal and Coke Company."

It seems clear the bill was drawn with a view of proceeding under the provisions of section 25 of chapter 32, entitled "Corporations." The plaintiffs in error, claiming to be creditors of the defendant corporation, presented their claims to the receiver. No action was taken by the court allowing or disallowing said claims, nor was leave asked or granted to permit them to file intervening petitions, or to present cross-bills, by which their claims might have been adjudicated. The mere filing of a claim with the receiver is not sufficient to make the claimant a party to the proceedings. Even the filing of a petition for leave to intervene, in the absence of an order granting such petition, does not make the petitioner a party to a suit. (11 Ency. of Pl. & Pr. 504.) A mere suggestion that a party has some interest is not sufficient to make one a party or entitle him to the writ. (*Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Surwald,* 147 Ill. 194.) It was the duty of the plain-

tiffs in error, if they desired to have their claims presented to the court for adjudication, to have taken some appropriate steps to be made parties and bring such claims to the attention of the court. Having failed so to do the plaintiffs in error were not parties to the record.

In order to call in question a judgment or decree before an appellate tribunal by a writ of error the plaintiff in error must be either a party to the record or sustain some mutual or successive relationship to the subject matter of the litigation or the parties, out of which arises the right, duty or privilege to have the judgment reviewed, or he must have some direct or collateral interest injuriously affected by the judgment upon which he can rest a right to a review. (*Derrick* v. *Lamar Ins. Co.* 74 Ill. 404; *Burnham* v. *Lamar Ins. Co.* 79 id. 160; *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Surwald,* 150 id. 394.) Where the writ is sued out by a party to the record his right appears from the face of the proceedings, and it will be inferred that such right continues to the hearing unless challenged by plea in abatement; but where the writ is sued out by one not a party to the record, his right thereto must affirmatively appear from his assignment of errors. (*Winne* v. *People,* 177 Ill. 268.) At common law writs of error are governed by rules of pleading similar to and as well defined as the rules of pleading in original actions. The assignment of errors in a strict common law sense is, in effect, the complaint or declaration of the plaintiff in error, and resembles in every material respect the initial pleading in a court of original jurisdiction. (2 Ency. of Pl. & Pr. 921.) One of the foundation principles of common law pleading requires that the plaintiff must specifically aver his title or interest in the subject matter of the suit. There are only two assignments of error on this record, neither of which contains any pretension of showing any interest in plaintiffs in error.

The Appellate Court properly dismissed the writ, and its judgment is therefore affirmed.            *Judgment affirmed.*