### D. R. Stubblefield et al., Appellants, v. American Surety Company et al., Appellees.

1. PLEADING, § 220*—*when overruling demurrer to plea prevents raising same questions on replication.* The fact that a demurrer was overruled to a plea in an action on a contractor's bond, alleging that suit was not begun within the time stipulated therefor in the instrument, does not prevent the same question being raised on a demurrer to a replication to such plea.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 73*—*when stipulation as to time for action on bond deemed waived.* A provision of a contractor's bond that suit thereon should be brought on or before February 1, 1913, *held* waived by the conduct of the principal and surety in stipulating in writing with the obligee for an extension of time until such date in which to complete a building.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN, D. MYERS, Judge, presiding. Heard in this court at the October

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

term, 1914. Reversed and remanded with directions. Opinion filed April 16, 1915.

LIVINGSTON & BACH and BARRY & MORRISSEY, for appellants.

RAYBURN & BUCK, for appellee, American Surety Company.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is an action of debt brought by appellants against appellee and one E. F. Wilson on a surety bond given for the performance of a building contract. The bond provides that no suit, action or proceeding by reason of any default shall be brought against the principal or surety, nor shall recovery be had for any damages accruing after the first day of February, 1913; that service of writ or process commencing any such suit, action or proceeding shall not be made after that date; that the principal shall be made a party to any such suit, action or proceeding against the surety and served with process commencing the same if within the State when such suit, action or proceeding is brought. Attached to said bond and made a part thereof is the building contract which provides that work comprehended under said contract should be completed by November 30, 1912, and provides that payments to the extent of eighty-five per cent. of the completed work shall be paid on the certificate of the architect; that owners may withhold sufficient moneys to indemnify them against liens, and that contractor shall refund to owners all moneys that owners may be compelled to pay in discharging any lien accruing through contractor's fault.

The work was not completed in the time specified in the contract. The surety company was notified of the

default of the principal, as required by said bond. The surety company thereupon sent Mr. Jenks, its resident vice-president, to confer with appellants regarding such default. Said resident vice-president prepared an instrument in writing which purported to have originated with the architect and with appellants, which said writing is in the words and figures following, viz.:

"BLOOMINGTON, ILL., Dec. 20, 1912.

MR. E. F. WILSON,
    Bloomington, Ill.

DEAR SIR:

I am authorized by the building committee of the Union Church, Covel, Illinois, to inform you that upon presentation to us of the written consent of the American Surety Company, surety on your bond dated the 28th day of August, 1912, to cover your contract of July 2, 1912, for alteration and additions in the church building owned by the congregation. That the committee will weekly pay your bills for labor, including car fare for laborers not to exceed twenty-four cents per day each, and teaming, actually performed in pursuance of the contract. Your time sheet will be accepted as evidence of the amounts due. You should present us each week with vouchers from each laborer and teamster for the amounts actually paid for the preceding week.

"All sums now due, or hereafter to become due, on the contract in addition to or in excess of amounts paid for labor as above outlined, will be applied to material bills outstanding at the time of the completion of the contract. The excess, if any due, then to be turned over to you.

"All the above is conditioned upon your prosecuting the work as rapidly as conditions will permit; and it is understood that you will have a competent foreman in charge of operations and constantly on the ground,— his duty shall be to see that the men under him shall perform the work, and if there is any doubt, immediately consult with the architect.

"A copy of this letter is being furnished to M. L.

Jenks, manager of the American Surety Company at Chicago, Ill. Kindly send us your written acceptance of this condition, and also the written acceptance of the American Surety Company by its proper authorized officers, to the conditions above outlined.

Respectfully,

A. T. Simmons, Archt.

Belle Hougham,
W. C. Rogers, } Bldg. Com.
D. R. Stubblefield,
E. F. Wilson, Contractor."

Upon receipt of the same the surety company executed and delivered to appellants the following extension agreement:

"E. F. Wilson of Bloomington, Ill., Principal, and the American Surety Company of New York, Surety on that certain bond, dated on or about the 28th day of August, 1912, in the sum of Two Thousand Dollars ($2,000.00) conditioned for the performance by said Principal of a contract with the building committee, of the Union Church of the Village of Covel, Illinois, dated on or about the 2nd day of July, 1912, do hereby stipulate that the extension of the time for the completion of said contract to February 1, 1913, and the entering into and carrying out of the arrangement provided for in the letter dated December 20, 1912, from A. T. Simmons addressed to E. F. Wilson of Bloomington, Ill., with respect to payment of bills for labor, carfare, etc., a copy of which letter is attached hereto, shall not release said principal or surety from liability under said bond. Signed and sealed this 28th day of December, 1912."

This was executed by E. F. Wilson, the principal, and by the American Surety Company.

E. F. Wilson, the contractor, proceeded with the work under such agreement until the 1st of February, 1913, and then abandoned the contract. On June 6, 1913, appellants brought this suit to recover on the bond.

The declaration sets up the instrument in writing

extending the time prepared by the resident vice-president of the company, the acceptance and breach of the bond. The appellee pleaded the condition of the bond in bar of the action, that no suit shall be brought nor recovery had for any damages accruing after February 1, 1913, and that service of process shall not be had after that date. Appellants demurred to appellees' pleas and their demurrer was overruled by the court. Thereupon the appellants filed replications to appellees' pleas and averred that the letter of December 20, 1912, and the stipulation of December 28, 1912, constituted a waiver of the defense urged by the plea and averred that the time was extended by request of appellee and that the letter and stipulation were dictated and prepared by appellee.

Appellees demurred to said replications and the court sustained the demurrer. Appellants elected to stand by said replications and judgment was thereupon entered against appellants and for costs, from which judgment appellants have brought the case to this court on appeal.

The first ground of demurrer is that it is a matter of law, and a demurrer having been overruled to the plea, the question could not be raised by demurrer on a question of law. The case of *Lesher v. United States Fidelity & Guaranty Co.*, 239 Ill. 502, cited by appellees, is not in point. Appellants need not have pleaded the proposition of extension in its declaration. It could not be foretold that the limitation plea would have been pleaded and the only proper way to raise that question was by replication, so that on that question the replication of waiver was proper. The second ground of demurrer is that they do not allege that the suit in question was brought on or before the 1st day of February, 1913, nor that service of process commencing said suit was had on or before the 1st day of February, 1913. Limitations of this character have been upheld by the Supreme Court of this State, but it was held

that such a provision would be waived if the company by fraud, or by holding out reasonable hopes of an adjustment, deterred the assured from bringing suit within the time limited. *Derrick v. Lamar Ins. Co.*, 74 Ill. 404, and cases therein cited. The proposition made to the appellants at the suggestion of the appellee and accepted by the appellee was a waiver of the conditions as to time. A more fraudulent trick than was perpetrated by the appellee it would be hard to conceive of. All presumptions are against appellee and papers prepared by it. The appellee cannot be permitted to mislead the insured in that way. A constructional waiver is as potent against the appellees as a direct one. The demurrer should have been overruled to the replication. The case is reversed and remanded with directions to overrule the demurrer to the replications.

*Reversed and remanded with directions.*