[No. 12321.  Department Two.  September 24, 1915.]

F. A. JENSEN, *Plaintiff*, v. ANGELES BREWING & MALTING COMPANY, *Respondent*, J. F. JANECKE, *Receiver*, *Appellant*.[1]

APPEAL—NOTICE—PARTIES ENTITLED—HEARING ON RECEIVER'S REPORT. Rem. & Bal. Code, § 1720, requiring service of notice of appeal upon all parties who have appeared in "the action or proceeding," refers, in the case of an appeal by a receiver from a distributive order after a hearing upon the receiver's report, only to the parties who appeared in that particular proceeding, and not to all who may have filed claims with the receiver and took no further part in the proceedings.

APPEAL—REVIEW—DISCRETION OF COURT—RECEIVER'S FEES. An allowance for receiver's fees and fees for his attorneys is largely discretionary, and will not be disturbed on appeal unless it clearly appears that the amount is too large or too small.

Appeal from an order of the superior court for Clallam county, Ralston, J., entered May 5, 1914, confirming the report of a receiver and fixing his compensation, after a hearing before the court. Affirmed.

*George B. Cole* and *John Wesley Dolby*, for appellant.

*A. W. Buddress*, for respondent.

FULLERTON, J.—On April 10, 1910, in an action brought in the superior court of Clallam county, wherein F. A. Jensen was plaintiff and the Angeles Brewing & Malting Company, a corporation, was defendant, the defendant was adjudged insolvent and J. F. Janecke appointed receiver of its property. Janecke immediately qualified as such receiver by taking the required oath and giving bond in the sum fixed by the court in the order appointing him. The receiver thereupon entered upon the execution of his trust and proceeded therewith until July 23, 1913, when he filed a report of "all of his doings as such receiver from the time of his appointment and qualification  . . .  to and including July 23, 1913." The court

[1]Reported in 151 Pac. 825.

thereupon made an order fixing a time and place for a hearing upon the report, and caused notice thereof to be given to all persons interested in the trust estate.  At the time appointed, objections were made to the report by certain creditors of the insolvent, and evidence was taken on the objections.  The court thereupon took the matters under advisement, and later on directed the receiver to file a supplemental report covering the period between July 23, 1913, and March 1, 1914, and fixed April 2, 1914, as a time for hearing objections to the, supplemental report.  The receiver forthwith filed the supplemental report, causing notice thereof to be served upon the parties interested.  A final hearing was thereupon had upon both reports, at the conclusion of which the court entered the following order:

"It is hereby ordered that the report of the receiver covering all of his doings as receiver to and including July 23, 1913, and the supplemental report of the receiver covering the period from July 23, 1913, to March 1, 1914, and the oral addition to said supplemental report covering the period from March 1, 1914, to April 2, 1914, be and each of them hereby is ratified, confirmed and approved in their and each of their entirety.

"It is further ordered that the compensation of the receiver be and the same hereby is fixed as follows: $200 per month for the first 37 1-3 months of his receivership, being the period during which the brewery was actually operated; $125 per month for the four months immediately following the end of said 37 1-3 months; $25 per month from the termination of said 4 months to the date of said hearing, to wit, April 2, 1914; and $20 a month from April 2, 1914, until the end of said receivership, $15 per month to be as receiver's compensation, and $5 per month to cover the expense of keeping the records, these allowances to be in full of all compensation to be allowed to the said receiver, and against said total allowance is to be charged the total amount of $8,084.99 heretofore drawn by the receiver.

"It is further ordered that in addition to the $750 paid to the attorneys for the receiver before July 23, 1913, and in addition to $1,000 orally ordered paid to said attorneys at

the hearing on September 29, 1913, a further allowance be and the same hereby is at this time made to the receiver as attorneys' fees of $3,000, making a total allowance on account of attorneys' fees to date of $4,750.

"It is further ordered that the allowance on account of attorneys' fees shall not be the final allowance, but shall simply be on account of such services.

"It is further ordered that the receiver pay forthwith an additional dividend of 40%, being 40% on the face of the claims as originally filed with the receiver.

"It is further ordered that the receiver pay to W. B. Stratton $18.40, being the amount of witness fees and mileage due said witness for his appearance at the hearing of the receiver's report on September 29, 1913.

"Done in open court this the 5th day of May, 1914.

"John M. Ralston, Judge."

This is an appeal by the receiver from the order so entered. Subsequent to the entry of the order appealed from, the appellant was removed as receiver and one G. M. Lauridsen appointed in his stead. Lauridsen appears in this court by his counsel as the representative of the creditors of the insolvent, filing a brief on their behalf.

The respondent moves to dismiss the appeal for want of service upon all of the creditors who had filed claims with the receiver against the insolvent. But service was had upon all of them who appeared in the proceedings in response to the notice given of the hearing in which the order appealed from was made. The statute relating to service of notices of appeal, Rem. & Bal. Code, § 1720 (P. C. 81 § 1191), provides that, when the notice is not given at the time when the judgment or order appealed from is rendered or made, "it shall be served in the manner required by law for the service of papers in civil actions and proceedings upon all parties who have appeared in the action or proceeding." We think the phrase "parties who have appeared in the action or proceeding," refers, in cases like the present, to those parties who have appeared in the particular proceeding in which the order appealed from is entered, not to those who may have

filed claims with the receiver and have taken no further part in the proceedings. This view of the statute is strengthened when we remember that the statute also provides that a notice of appeal may be given orally in open court at the time the judgment or order appealed from is rendered or made. Clearly in such a case, in proceedings of this sort, only those personally present would receive notice of the appeal, and it cannot be supposed that the statute meant to impose a more burdensome rule upon the litigant who appeals within the statutory time by serving a written notice.

On the merits of the controversy, the appellant assigns error upon that part of the order of the court which fixes the compensation to be allowed him as fees for his services and as fees for the services of his counsel. But while the record shows that the receivership proceeding took a somewhat turbulent course, and that the services rendered by the receiver and his counsel were arduous, we are not prepared to say that the allowances made are insufficient. The amount of the fees that shall be so allowed in such cases are largely discretionary with the trial court. The statute fixes no standard by which to measure them, and the only rule for the guidance of the court is that they must be reasonable and just. For these reasons, and for the further reason that the trial court is better informed concerning the nature of the services rendered by a receiver and his attorneys, and better informed as to the value of such services to the trust estate, than is the appellate court, the appellate court is always loath to interfere with such allowances. Hence, the rule is that it will not interfere unless it clearly appears that the allowance is too large or too small.

In the present case, we are unable to conclude that it does so clearly appear. While we might have affirmed larger allowances, it by no means follows that we would be justified in increasing the allowances made.

The order appealed from is affirmed.

Morris, C. J., Ellis, and Main, JJ., concur.