(No. 5326.   July 31, 1929.)

J. B. ELDRIDGE, Respondent, v. PAYETTE–BOISE WATER USERS' ASSOCIATION, a Corporation, Appellant.

[279 Pac. 713.]

Charles F. Reddoch, Wm. M. Morgan, J. B. Eldridge, Thomas E. Buckner, Scatterday & Stone, H. A. Griffiths and Barber & Barber, for Respondent.

T. A. Walters and Walter Griffiths, for Appellant.

GIVENS, J.—At the instance of plaintiff, a receiver was appointed to take charge of the property of defendant corporation. A large number of creditors filed claims, some of which were disallowed. Exceptions were filed to the report of the receiver by owners of certain of the disallowed claims as follows: J. B. Eldridge, First National Bank of Caldwell, Walter Griffiths, C. M. Rankin, L. J. Magee, Naomi Lambert and W. H. Kollenborn.

A hearing was had on the report and all of the creditors who had filed exceptions to the report of the receiver appeared except Kollenborn. The claims of all creditors who appeared were sustained by the district court either wholly or in part and the receiver overruled in this respect. An order of distribution was entered for the amount of their claims in favor of all creditors, both those appearing and those not appearing, whose claims had been approved by the court.

From this action Kollenborn and F. M. Brown, stockholders in defendant corporation, have appealed, claiming to represent the interests of the other stockholders.

A motion to dismiss the appeal has been filed for the reason, among others, that service of notice of the appeal has not been served on all adverse parties.

The notice of appeal is directed to the plaintiff and defendant, the receiver, and all the creditors who filed exceptions to the disallowance of their claims and appeared at the hearing before the district court.

It is specifically urged in the motion to dismiss that the notice of appeal has not been served on all the other creditors, some forty in number, who made no appearance in the action but whose claims, filed with the receiver, have been approved by the court.

All the creditors, those served and those not served, are interested in having the order allowing their claims sustained. No preferential claims have been allowed.

This court has repeatedly held that service of notice of appeal is jurisdictional and that where such service is not made on all parties whom the judgment on appeal might adversely affect, the appeal will be dismissed.

We may concede that the judgment on appeal in the case before us might adversely affect the creditors who failed to appear at the hearing below, and who, the record discloses, have not been served. But it does not necessarily follow that these creditors should have been served with such a notice. Not all *persons* whose interests might possibly be adversely affected by the judgment on appeal are entitled to notice but only those persons who are *parties*. (C. S., sec. 7151.)

The term "adverse party" as used in C. S., sec. 6726, providing for relief from default, has been declared by this court to mean "a party to the original action or proceeding or one who has been brought into the case by the order of the court, or one who has been allowed by the court to intervene or become a party plaintiff or defendant in the action as originally instituted." (*Kerns v. Morgan,* 11 Ida. 572, 83 Pac. 954.) We believe that the words as used in C. S., sec. 7153, should be given a similar meaning.

The question of whether a claimant in a receivership action who merely files a claim and makes no further appearance is a "party" to the proceedings is one which, apparently, has been rarely considered by either text-writers or the courts.

Clark in his recent work on Receivers, 2d ed., sec. 649 c, states that "the filing of a claim is not equivalent to a pleading in the case in which the receiver is appointed," citing *International Banking Corp. v. Lynch,* 269 Fed. 242.

Discussing the matter further, he says:

"The filing of a claim with a receiver has not the full force and effect of an intervention because the party who files the claim does not, strictly speaking, become a party

to the receivership suit. A claim should be verified and when filed with the receiver becomes notice to the receiver of such a claim. The receiver may allow or disallow a claim after thorough investigation as his good judgment and the advice of counsel demand. When this claim is disallowed, the holder of the claim may intervene in the receivership case, ask that he be made a party, and formally present his claim to be heard by the court. He may also, if circumstances of the case demand it, ask leave to sue the receiver on this claim, thereby placing himself in a position to have the judgment of the court reviewed." (Clark, supra, sec. 656.)

Tardy, in Smith on Receivers (2d ed.), states that "only persons who have intervened and become parties or have in some other way obtained a right to do so may object to the allowance of claims presented (to the court) for approval. (Sec. 593.)

And in a note he elucidates this statement as follows: "Creditors may not object to the allowance of claims until they have become parties by intervening and presenting their own claims."

It might legitimately be inferred from these quotations that the writers were of the opinion that creditors who have merely filed a claim with a receiver have not thereby become parties to the receivership proceedings.

This conclusion is borne out by the few decisions which have passed upon similar questions.

In the case of *Scott v. Great Western Coal Co.*, 223 Ill. 271, 79 N. E. 53, a creditor filed a bill against the corporation asking that a receiver be appointed. Other creditors were not made parties, although they did file claims. These same creditors later prosecuted this appeal. The appeal was dismissed on the ground that the appellants were not parties to the record. The court said:

"The plaintiffs in error, claiming to be creditors of the defendant corporation, presented their claims to the receiver. No action was taken by the court allowing or disallowing said claims, nor was leave asked or granted to permit them

to file intervening petitions, or to present cross-bills by which their claims might have been adjudicated. The mere filing of a claim with the receiver is not sufficient to make the claimant a party to the proceedings."

In *Jensen v. Angeles Brewing Co.*, 87 Wash. 392, 151 Pac. 825, the receiver rendered a report to which, at a hearing after notice, several creditors objected. The report was modified and as modified confirmed. The receiver appealed from that part of the order fixing his compensation. Notice of appeal was served on all the creditors who had appeared at the hearing before the trial court at which the order appealed from had been entered. No such notice was served on the other creditors who had merely filed claims. A motion to dismiss was made for want of service on all parties.

A Washington statute requires that notice of appeal shall be served on "all parties who have appeared in the action or proceeding." This statute, in requiring service on "all parties," is substantially similar to our own. (C. S., sec. 7153.) The court in that case said:

"We think the phrase 'parties who have appeared in the action or proceeding' refers, in cases like the present, to those parties who have appeared in the particular proceeding in which the order appealed from is entered, not to those who may have filed claims with the receiver and have taken no further part in the proceedings."

In a later Washington case, *Atwood v. McKenzie-Waterhouse Co.*, 120 Wash. 214, 41 A. L. R. 650, 206 Pac. 978, the rule of the Jensen case, *supra,* was followed. The Atwood case involved a suit by a stockholder of an insolvent corporation to rescind his stock subscription on the ground of fraud. A Washington statute made stock subscribers personally liable to the creditors of the corporation for the amount of their unpaid subscriptions. The interests of the creditors, therefore, were adverse to those of the stockholders. The receiver for the corporation opposed the attempt to rescind. On appeal, a motion to dismiss was made on the ground that a large number of creditors had

filed claims with the receiver, none of whom had been served with the notice of appeal. The court said:

"It is contended that the record shows that at the time of the appeal here a large number of persons had filed claims with the receiver. They, however, were not in any manner brought into this proceeding. They took no part in it, and could, under no circumstances, be said to be parties in interest or upon whom it was necessary that notice of appeal be served."

See, also, *In re Skoll*, 78 Minn. 408, 79 Am. St. 400, 80 N. W. 953, 81 N. W. 210; *Pearson v. Darrington*, 32 Ala. 227; *Roden v. Jaspar*, 122 Ala. 374, 25 So. 198; *Derrick v. Lamar Ins. Co.*, 74 Ill. 404; *In re Lund's Estate*, (Iowa) 104 N. W. 1139; *Succession of Montgomery*, 2 La. Ann. 469; *Fagan & Osgood v. Boyle*, 65 Tex. 324.

In the following cases, somewhat analogous to the case at bar, appeals were dismissed because creditors whose interests might have been adversely affected on appeal had not been served. In all of these cases, however, either the creditors had become parties by appearing before the receivership court in defense of their claims or in opposition to the claims of others, or the facts fail to show whether or not such appearance had been made: *Illinois Trust Co. v. Kilbourne*, 76 Fed. 883; *Bloomingdale v. Watson*, 128 Fed. 268; *Gray v. Grand Forks Co.*, 138 Fed. 344; *Seaboard National Bank v. Rogers Milk Co.*, 16 Fed. (2d) 271; *Anderson v. Krueger*, 170 Minn. 225, 212 N. W. 198; *Crouse v. Lewis*, 59 N. J. L. 288, 35 Atl. 906; *Hafer v. Medford & C. L. R. Co.*, 60 Or. 354, 117 Pac. 1122, 119 Pac. 337; *Fleming & Slade v. Raywood Rice Co.*, (Tex. Civ. App.) 95 S. W. 737; *Cole v. Washington Motion Picture Corp.*, 112 Wash. 548, 192 Pac. 972; *Campbell v. Nichols*, 131 Wash. 1, 228 Pac. 833.

See, also, *Koppel Car Co. v. Lee*, 3 Fed. (2d) 886; note in 119 Am. St. 754; 3 C. J., pp. 640, 1014.

On principle we see no good reason for requiring service of notice of appeal on creditors, and there are reasons of practical convenience why such a rule should not be estab-

lished. In the usual receivership there are a large number of claims, many of them small. If the owners of such claims are held to be parties, they are automatically subjected to the possibility of costs.

In the usual receivership appeal, the interests of creditors who are respondents, would be protected by the receiver. That is, the appellants in such a case would ordinarily be those dissatisfied with the allowances of the receiver, while those not appealing would be such as have had their claims approved. While not holding that the receiver represents the creditors to such an extent that service may be made on him for them (which point we do not decide) we believe that their interests would be represented by him in a receivership appeal.

Furthermore, a claimant who merely files a claim, by his own election, assumes a different status from a party to the suit. In a receivership action, three courses of action are open to him. He can, after leave, commence an independent action against the receiver. He can intervene in the receivership action or he can file a claim. (Clark, *supra*, sec. 543.) By pursuing the remedy of filing a claim he indicates that he does not desire to become a formal party to the suit. And unless he is a party, service of notice of appeal on him is unnecessary. (*Hafer v. Medford & C. L. R. Co., supra;* 3 C. J. 1216.)

The appeal in this case is prosecuted by W. H. Kollenborn and F. M. Brown, "appearing as stockholders of the defendant corporation . . . . for themselves and all other stockholders similarly situated."

Brown does not appear below as a party in any capacity. He sought to intervene but no order appears in the record allowing him to come in as a party, nor is there anything in the record to indicate that he was treated thereafter as a party. He was not present in person nor represented by an attorney at the hearing held December 2, 1927, for the purpose of considering exceptions filed to the receiver's report. He filed a claim which was disallowed to which disallowance he failed to except.

Kollenborn filed a claim with the receiver which was disallowed. He then filed exceptions to the report of the receiver protesting the disallowance of his claim and the allowance of certain others. He failed to appear at the hearing or offer any evidence in support of his exceptions.

It will be seen from the above that neither appellant appeared below as a stockholder in which capacity they prosecute this appeal.

It is unnecessary to determine whether Brown, as a stockholder, should have been permitted to intervene below. Assuming that his petition was denied, no appeal was taken from that action and the question therefore is not here.

But it is quite clear, we think, that a stockholder cannot appeal from a judgment against the corporation. The general rule is that only a party to the record can appeal. This rule has been modified by statute in some states permitting an appeal by any "person" aggrieved (3 C. J. 620), but our statute allows an appeal only by a "party" aggrieved. (C. S., sec. 7151.) It does not appear that Brown as a stockholder was in privity with the corporation and hence he is not a "party" aggrieved by the judgment rendered against the corporation. (*Matter of Cutting,* 94 U. S. 14, 24 L. ed. 49; *White Brass Co. v. Union Metal Co.,* 232 Ill. 165, 122 Am. St. 63, 83 N. E. 540; 3 C. J. 651.)

The appeal by Brown must therefore be dismissed.

The status of Kollenborn is somewhat different. He filed a claim as a creditor which was disallowed, whereupon he filed exceptions to the entire report of the receiver and asked that "he be permitted to appear in said . . . . cause." We believe that by this action he became a party below and as such is entitled to an appeal. The mere filing of a claim with the receiver, as indicated above, does not make the creditor a party to the suit. But where the claimant moves a step farther and, in response to a court order to file objections to the receiver's report, files such objections, he thereby voluntarily submits to the jurisdiction of the court and becomes a party. The filing of exceptions is in the nature of a pleading which constitutes an appearance even though the

exceptor fails to appear in person or by an attorney at the subsequent hearing.

The fact that Kollenborn in his appeal describes himself as a stockholder is not fatal to his right to appeal. He was a party below. He was aggrieved by the order of the court disallowing his claim and allowing others to which he objected. He is therefore entitled to an appeal on that basis within the meaning of C. S., sec. 7151.

The other points raised cannot properly be considered on a motion to dismiss or are not sufficient to warrant a dismissal.

The motion to dismiss the appeal of Kollenborn is denied.

Costs to appellant Kollenborn. Brown to pay his own costs.

T. Bailey Lee and Wm. E. Lee, JJ., concur.

Budge, C. J., dissents.